UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SKYLAR C.S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br> Defendant. | Case No. 4:22-cv-00210-AKB-CWD <br><br> **MEMORANDUM DECISION AND ORDER RE PETITIONER'S MOTION FOR ATTORNEY FEES** |

Before the Court is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 23). Plaintiff requests an award of attorney fees and paralegal fees in the total amount of $6,139.66 and an award of expenses in the amount of $24.52. (*Id*.). The Government did not file a response to Plaintiff's motion. As explained, the Court will grant Plaintiff's motion.

I.  BACKGROUND

In February 2019, Plaintiff filed an application for Disability Insurance Benefits with the Social Security Administration. (Dkt. 20 at p. 3). Plaintiff's application was denied and, after exhausting his administrative remedies, Plaintiff timely sought the Court's review. (*Id.*). On June 2, 2023, the Court granted Plaintiff's Petition for Review and remanded the action under sentence four of 42 U.S.C. § 405(g). (Dkt. 21 at p. 2).

Plaintiff now seeks attorney fees and costs pursuant to EAJA. (Dkt. 23). Specifically, Plaintiff requests reimbursement for 24.9 hours of attorney time, totaling $5,859.66, and for 2.8 hours of paralegal time, totaling $280.00. (Dkt. 23-1 at p. 2). Plaintiff also requests an award

of costs in the amount of $24.52 for certified mailing of the summons and complaint. (Dkt. 23-1 at pp. 2-4).

## II.  LEGAL STANDARD

The EAJA provides for an award of attorney fees to private litigants who prevail in civil actions (other than tort) against the United States and timely file a petition for fees.  28 U.S.C. § 2412(d)(2)(A).  Individuals successfully challenging a final decision of the Commissioner denying Social Security disability benefits are among those eligible for such awards.  *Sullivan v. Hudson*, 490 U.S. 877 (1989).  Under the EAJA, the Court must award attorney fees to the prevailing party unless it finds the Government's position was "substantially justified" or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The Government bears the burden of showing it should not be required to pay fees under this standard.  *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017) ("The government has the burden of showing that its position was substantially justified.")

The EAJA provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  The Court applies the principles set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) to determine what constitutes a reasonable fee award under the EAJA.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).  The prevailing party bears the burden to prove the fee amount requested is reasonable and must submit documentation in support of the fee request. 28 U.S.C. § 2412(d)(1)(B); *Hensley*, 461 U.S. at 433.  To determine the amount of a reasonable fee, courts generally take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  The Court may reduce a fee award if the applicant has provided inadequate documentation of the fees requested or claims hours are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.  The Court may also consider other

factors to adjust the fee upwards or downwards, "including the important factor of the results obtained." *Id.*

### III.  DISCUSSION

Here, the Court reversed the Commissioner of Social Security's Decision and remanded the action for further proceedings.  (Dkt. 21).  Accordingly, having obtained a sentence-four remand, Plaintiff is the prevailing party.  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  The Government did not object or otherwise respond to Plaintiff's motion and therefore has made no showing that its position was substantially justified.  *See Gardner*, 856 F.3d at 656.  Plaintiff is, therefore, entitled to attorney fees under 28 U.S.C. § 2412(d)(1)(A).

The Court next determines whether the requested fees are reasonable.  When a court approves attorney fees under the EAJA, the hourly rate awarded must be based on prevailing market rates, not to exceed a maximum rate of $125 per hour, unless the court finds that a higher rate is justified by increases in the cost of living or by a special factor such as "the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A).

The Ninth Circuit publishes guidelines adjusting EAJA fees for cost-of-living increases.[1] The hours and hourly rates requested here are 23.7 hours at $234.95 per hour for attorney time in 2022, 1.2 hours at $242.78 per hour for attorney time in 2023, and 2.8 hours at $100.00 per hour for paralegal time.[2]  (Dkt. 23-1 at p. 2).  The hourly rates for attorney time in 2022 and 2023 are in line with the maximum rates permitted by the Ninth Circuit.  The hourly rate for paralegal hours,

---

[1] U.S. Cts. for the Ninth Circ., Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

[2] The Court notes counsel has complied with prior decisions, *Smith v. Kijakazi*, No. 1:20-CV-00105-CWD, 2021 WL 9666855 (D. Idaho Nov. 22, 2021), and *Kelley J. v. Kijakazi*, No. 1:21-cv-00314-DCN-CWD, 2023 WL 196128 (D. Idaho Jan. 17, 2023), which reduced the attorney fees requested due to billing for clerical tasks.

as used by Plaintiff, reflects prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). The total hours expended are within the norm for this type of case. *See Costa*, 690 F.3d at 1136 (noting twenty to forty hours is the norm for hours expended in social security cases). Plaintiff's counsel did not appear to bill for uncollectible items, such as duplicative tasks or administrative tasks not ordinarily billed to clients. Finally, as noted, the Government did not respond to Plaintiff's motion. The Court, consequently, will award attorney fees and paralegal fees in the total requested amount of $6,319.66. *See id.* (noting courts should be deferential to winning attorney's judgment of time spent on case).

Plaintiff also seeks an award of expenses in the amount of $24.52. (Dkt. 23-1 at p. 3). This amount includes $18.39 for the cost to mail the summons and complaint via certified mail and $6.13 for the cost to re-serve the summons and complaint. (Dkt. 23-5). A prevailing party may recover "other expenses," including postage, pursuant to the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Int'l Woodworkers of Am. Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985). Accordingly, the Court will award expenses in the amount of $24.52.

## IV. ORDER

**IT IS HEREBY ORDERED** the Motion for Attorney Fees (Dkt. 23) is **GRANTED**:

1. Plaintiff is awarded EAJA attorney fees and paralegal fees in the amount of $6,139.66 and expenses in the amount of $24.52 pursuant to 28 U.S.C. § 2412(d). This award is subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

2. Defendant shall issue a check for EAJA fees made payable to Plaintiff's attorney, Bradley D. Parkinson, and mailed to:

        250 South Clinton Street
        Suite 210
        Syracuse, NY 13202

3. If Plaintiff has no debt qualifying for offset under the Treasury Offset Program, the entire award is to be made payable directly to Brad Parkinson and mailed to the address above.

DATED: October 02, 2023

_____
Amanda K. Brailsford
U.S. District Court Judge